

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 12, 2020**

_____
**United States Bankruptcy Judge**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| STAK DESIGN, INC., | § | CASE NO. 20-30424-HDH-11 |
| | § | |
| *Debtor and Debtor-In-Possession.* | § | HEARING HELD: |
| | § | 03/09/20 @ 1:30 P.M. |

**ORDER AND FINDINGS OF FACT AND CONCLUSIONS OF LAW (i) APPROVING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (ii) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (iii) FINDING THAT BUYER IS A GOOD FAITH BUYER[1]**

---

[1] The Findings of Fact and Conclusions of Law contained herein constitute the findings of fact and conclusions of law required to be entered by this Court with respect to the Sale Motion pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure.

Upon the Motion (the "*Motion*")[2] of STAK Design, Inc. ("*STAK*") for entry of an Order (i) approving the sale of substantially all of the assets of the STAK bankruptcy estate free and clear of liens, claims, encumbrances, and interests to Spoon Exhibit Services, Inc., a New York corporation ("*Spoon*"); (ii) authorizing the assumption and assignment of various executory contracts and unexpired leases to Spoon; and (iii) finding that Spoon is a good faith buyer within the meaning of Section 363(m) of the Bankruptcy Code, pursuant to 11 U.S.C. §§ 105, 363, 365 and FEDERAL RULE OF BANKRUPTCY PROCEDURE 2002, 6004, and 6006; and all parties in interest having been heard, or having had the opportunity to be heard, regarding approval of the Purchase Agreement and the transactions contemplated thereby, the Court, having considered all evidence presented, makes the following Findings of Fact and Conclusions of Law:

I.  **FINDINGS OF FACT**[3]**:**

   A.  **Basis for Section 363 Sale**

   1.  STAK has marketed the Assets for over fourteen months. Those efforts resulted in a number of parties executing NDAs and conducting due diligence into a possible transaction with STAK, but only Spoon has made a binding offer. STAK has a limited window of time to complete a going concern transaction due to its lease expiring and having limited operating capital. Shortly before the Petition Date, STAK began negotiations with Spoon. Those negotiations continued for a period of time shortly after the Petition Date. Finally, on February 5, 2020, STAK and Spoon

---

[2] All capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

[3] Additional Findings of Fact and Conclusions of Law made by the Court on the record at the Sale Hearing are expressly incorporated by reference into this Order and made a part hereof.

entered into the Purchase Agreement, which requires that the sale of Assets from STAK to Spoon be consummated through a Chapter 11 363 sale process.

### B. Good Faith of Spoon

2. Spoon is purchasing the Assets in good faith and is a good faith purchaser within the meaning of 11 U.S.C. § 363(m), and is therefore entitled to the protection of that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that, among other things: (a) Spoon recognized that STAK was free to deal with any other party interested in acquiring all or any portion of the Assets; (b) Spoon agreed to provisions in the Purchase Agreement regarding bidding procedures if STAK and Spoon were unable to close the transaction contemplated by the Purchase Agreement (the "*Transaction*"); (c) Spoon in no way induced or caused the Chapter 11 filing of STAK; (d) all payments to be made by Spoon and other agreements or arrangements entered into by Spoon in connection with the Transaction have been disclosed; (e) Spoon has not violated 11 U.S.C. §363(n) by any action or inaction; and (f) the negotiation and execution of the Purchase Agreement and any other agreements or instruments related thereto was in good faith and an arms-length transaction between Spoon and STAK.

### C. Notice of Sale of The Assets

3. The Motion which included a copy of the Asset Purchase Agreement along with a notice (the "*Notice*") of the Sale Hearing, pursuant to the Certificates of Service attached to the Motion and the Notice of the Hearing filed by STAK on February 14, 2020 with this Court, was transmitted to all parties entitled to notice pursuant to Bankruptcy Rule 2002.

4. The Notice was adequate and sufficient under the circumstances of this Chapter 11 Case and this proceeding and complied with the various applicable requirements of the Bankruptcy

Code, the Bankruptcy Rules, and the procedural and substantive due process requirements of the Federal Rules of Civil Procedure and United States Constitution.

### D. Approval of Motion

5. Spoon is a third-party, good-faith purchaser unrelated to STAK.

6. The purchase terms, as set forth in the Purchase Agreement and as modified and announced to the Court at the hearing, are the product of arms-length negotiations between STAK and Spoon and are fair and reasonable under the circumstances of this Chapter 11 Case and this proceeding.

7. The Sale Motion should be approved as it is in the best interests of STAK, its estate, and its creditors.

8. The Purchase Agreement, as modified, represents a fair and reasonable offer under the circumstances of this Chapter 11 Case.

### D. Spoon Is Not a Mere Continuation of STAK

9. The following findings of fact relate to the conclusions of law set forth in Section II below:

    a. Those of STAK's employees who are to be retained by Spoon are being hired under new employment contracts or other arrangements to be entered into or to become effective only at or after the time of the Closing.

    b. No common identity of incorporators, directors or stockholders exists between Spoon and STAK.

    c. The Transaction is not being entered into fraudulently. The Sale has been properly noticed and the estates' creditors, non-debtor parties to the assumed

ORDER AND FINDINGS OF FACT AND CONCLUSIONS OF LAW    PAGE 4 OF 9
5085251v.2 3443/0006

Contracts and other parties-in-interest have been provided with sufficient opportunity to object to the Sale.

  d. Spoon is not holding itself out to the public as a continuation of STAK.

 **E.** **Spoon's Adequate Assurance of Future Performance**

10. Spoon has presented evidence to the Court of financial capability to fund the Purchase Agreement and, on this basis, the Court finds that Spoon has the financial wherewithal to meet all of its future financial obligations pursuant to the terms of the Assumed Contracts.

 **F.** **Miscellaneous**

11. To the extent any findings of facts set forth in Section I, paragraphs 1-10 and all sub-parts thereto, herein constitute conclusions of law, the Court so concludes.

**II.** **CONCLUSIONS OF LAW**

The Court hereby enters the following Conclusions of Law:

 **A.** **Jurisdiction, Final Order and Statutory Predicates**

13. The Court has jurisdiction to hear and determine the Sale Motion and to grant the relief requested in the Sale Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b). Venue of these cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

14. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and this Order shall constitute entry of judgment as set forth herein.

15. This Order shall be effective immediately upon entry and any stay of this Order as

otherwise provided by Rules 6004(h), 6006(d), and 7062 is expressly lifted regardless of the objections to the Sale or whether the parties thereto agreed to waive such objections at the Sale Hearing.

16. This proceeding is a "core proceeding" within the meaning of 28 U.S.C. §157(b)(2)(A), (N) and (O).

17. The statutory predicates for the Sale Motion are Sections 105, 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 7062, 9014 and 9019.

18. The proposed Sale constitutes a sale of property of STAK's estate outside the ordinary course of business within the meaning of Section 363(b) of the Bankruptcy Code.

**B.   Section 363 Sale**

19. The Assets are property of STAK's estate and title thereto is vested in STAK's estate.

20. STAK has demonstrated a low probability that it will find a buyer with a better offer than Spoon. That low probability does not justify incurring the costs and risks associated with selling the assets via public auction and since STAK's lease has expired and the landlord is demanding that STAK vacate the premises there is insufficient time to further market the business. STAK has therefore used its reasonable business judgment to determine that a private sale of the Assets to Spoon is in the best interest of the estate and its creditors.

21. The terms of sale under the Purchase Agreement set forth a negotiated price that is fair and reasonable for STAK's Assets and Contracts, and allows STAK to maximize the benefit to its estate.

22. Spoon would not have entered into the Purchase Agreement and would not

consummate the Transaction, if the Sale to Spoon and the assignment of the Contracts to Spoon were not free and clear of all liens, claims and interests of any kind or nature whatsoever.

23. Spoon is a good faith buyer within the meaning of Section 363(m) of the Bankruptcy Code.

24. Given the circumstances of this Chapter 11 Case and the adequacy and fair value of the purchase price under the Purchase Agreement, the proposed Sale of the Assets to Spoon constitutes a reasonable and sound exercise of STAK's business judgment and should be approved.

### C. Assumption and Assignment of Contracts

25. STAK meets the requirements of Bankruptcy Code § 365(f)(2) because (1) STAK assumes the contract or lease pursuant to Section 365; and (2) Spoon will be financially capable of consummating the Purchase Agreement and satisfying all future obligations under the Contracts because Spoon, as assignee to such Contracts, will provide adequate assurance of future performance, and such Contracts can be assumed and assigned.

26. Assumption and assignment of the Contracts is in the best interest of STAK's estate and its creditors.

### D. Retention of Jurisdiction

27. It is necessary and appropriate for the Court to retain jurisdiction to, *inter alia*, facilitate the Transaction, interpret and enforce the terms and provisions of this Order and the Purchase Agreement and to adjudicate, if necessary, any and all disputes concerning the assumption and assignment of the assumed Contracts, any right, title, (alleged) property interest, including ownership claims, relating to the Assets and the proceeds thereof, as well as the extent, validity and priority of all liens, claims and interests relating to the Assets.

### E. No Successor Liability

28. Spoon does not constitute a successor to STAK or STAK's estate.

   a. The Transaction does not amount to a consolidation, merger or *de facto* merger of Spoon and STAK or STAK's estate.

   b. Spoon is not merely a continuation of the STAK or STAK's estate; therefore, there is not substantial continuity between Spoon and STAK.

### F. Miscellaneous

32. To the extent any conclusion of law set forth in Section II, paragraphs 13-32 herein constitutes a finding of fact, this Court so finds.

**Based on the foregoing Findings of Fact and Conclusions of Law, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

A. The Court authorizes and approves, in all respects, the Purchase Agreement, the Transaction, and the Sale of the Assets free and clear of liens, claims, encumbrances.

B. The Court authorizes the assumption and assignment of the Contracts to Spoon.

C. The Court finds Spoon to be a good faith buyer within the meaning of Section 363(m) of the Bankruptcy Code.

D. STAK is authorized and directed to take any and all actions necessary or appropriate to (i) consummate the Sale of the Assets to Spoon in accordance with this Sale Motion, the Purchase Agreement, and this Order; (ii) assume and assign the Contracts to Spoon; and (iii) perform, consummate, implement and close fully the Purchase Agreement together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement.

E.      At the Closing of the Sale of Assets, from the Cash Purchase Price Proceeds, the amount of $5,295.33 shall be paid to Dallas County in satisfaction of its claim for 2019 ad valorem property taxes and the amount of $4,899.91 shall be paid to Tarrant County in satisfaction of the 2020 ad valorem taxes. These payments shall be in full and final satisfaction of all taxes owed with respect to the claims filed on behalf of Dallas and Tarrant Counties.

F.      At the Closing of the Sale of Assets, the balance of the Cash Purchase Price proceeds, net of any first priority *ad valorem* taxing authority claims paid pursuant to paragraph E. above, (the "*Valliance Proceeds*") shall be paid directly to Valliance Bank by wire transfer (or ACH) pursuant to wire instructions provided to Debtor's counsel by counsel for Valliance Bank. Upon receipt of the Valliance Proceeds, Valliance Bank will credit the outstanding perfected secured claim of Valliance Bank on a dollar for dollar basis.

### ### END OF ORDER###

**PREPARED BY:**
**J. MARK CHEVALLIER**
Texas State Bar 04189170
MCGUIRE CRADDOCK & STROTHER PC
500 N. Akard Street, Suite 2200
Dallas, Texas 75201
T: (214) 954-6800
F: (214) 954-6850
MChevallier@mcslaw.com
**PROPOSED ATTORNEYS FOR STAK DESIGN, INC.,**
**DEBTOR AND DEBTOR-IN-POSSESSION**